**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendants
  MB Food Processing, Murray Bresky Consultants,
  Ltd. and Dean A. Koplik
BC/2365

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADOLFO LAINEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MURRAY BRESKY CONSULTANTS LTD., MB FOOD PROCESSING, MB CONSULTANTS LTD., DEAN A. KOPLIK,<br><br>　　　　　　　Defendants. | Civil Action No. 08-CV-1917<br><br>**ANSWER AND<br>SEPARATE DEFENSES**<br><br>**ELECTRONICALLY FILED** |

　　　　Defendants, MB Food Processing, Murray Bresky Consultants, Ltd. (incorrectly identified in the Complaint as "MB Consultants Ltd.") and Dean Koplik (collectively, hereinafter, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., for their Answer to the *Pro Se* Complaint of Plaintiff Adolfo Lainez ("Plaintiff"), state as follows:

　　　　1.　　Admit that Plaintiff has purported to file a claim under the Age Discrimination in Employment Act of 1967, the New York State Human Rights Law, and the New York City Human Rights Law, but deny that they engaged in any illegal conduct towards Plaintiff, violated the statutes identified on Page 1 of the Complaint or that there exists any legal or factual basis for Plaintiff's claims under said statutes.

## PARTIES IN THIS COMPLAINT

2. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph I.A. of the Complaint.

3. With respect to the allegations contained in Paragraph I.B. of the Complaint, admit that the mailing address of MB Food Processing and MB Consultants, Ltd. is 5190 Main Street, P.O. Box 13, South Fallsburg, New York 12779, and further state that Plaintiff was employed by MB Food Processing, Inc. during all times relevant to the Complaint.

4. Admit the allegations contained in Paragraph I.C. of the Complaint.

## STATEMENT OF CLAIM

5. Deny the allegations contained in Paragraph II.A. of the Complaint.

6. Deny the allegations contained in Paragraph II.B. of the Complaint.

7. Deny the allegations contained in Paragraph II.C. of the Complaint.

8. Deny the allegations contained in Section II.D., except admit that Plaintiff's date of birth is February 5, 1946.

9. Deny the allegations contained in Paragraph II.E. of the Complaint, except admit that Defendants notified Plaintiff of his termination on or about June 22, 2007.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph III.A. of the Complaint.

11. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph III.B. of the Complaint, except admit that the United States Equal Employment Opportunity Commission issued Plaintiff a Notice of Suit Rights on or about November 28, 2007.

12. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph III.C. of the Complaint.

## RELIEF

13. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph IV of the Complaint.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with and satisfy all of the procedural prerequisites for bringing and maintaining this action.

## SECOND DEFENSE

The Complaint fails to state a claim or a cause of action upon which this Court can grant relief.

## THIRD DEFENSE

The employment decisions about which Plaintiff complains were based solely on legitimate, business related and non-discriminatory reasons and not on any discriminatory animus or motive or in retaliation against Plaintiff for engaging or participating in any activities protected by federal, state and/or city law, which is denied.

## FOURTH DEFENSE

Defendants employed Plaintiff on an at-will basis and could terminate his employment at any time, with or without cause and with or without notice.

## FIFTH DEFENSE

If Plaintiff has been damaged as alleged, Plaintiff's damages have been caused by his own acts, by the acts of those other than Defendants, or by acts for which Defendants are not responsible.

## SIXTH DEFENSE

Defendants are not the proximate or actual cause of the damages alleged by Plaintiff.

## SEVENTH DEFENSE

The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## EIGHTH DEFENSE

The Complaint fails to state a claim for which punitive damages may be awarded.

## NINTH DEFENSE

The Complaint fails to state a claim for which liquidated damages may be awarded.

## TENTH DEFENSE

To the extent that Plaintiff purports to allege that he has suffered physical or mental injury as a result of Defendants' alleged actions, such claims are barred, in whole or in part, by the exclusive remedies provisions of the New York State Workers' Compensation Law.

## ELEVENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages, if any, and is barred from relief as a result.

## TWELFTH DEFENSE

One or more of Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRTEENTH DEFENSE

The Complaint fails to establish any legal or factual basis to hold Defendant Dean A. Koplik individually liable under any of the statutes on which Plaintiff's claims are based.

## **FOURTEENTH DEFENSE**

Defendants will rely upon any and all further defenses that become available to them or appear during discovery or pre-trial proceedings in this action, based upon any facts they learn during discovery, and hereby specifically reserve the right to amend their Answer for the purpose of asserting any additional defenses.

**WHEREFORE**, Defendants respectfully request judgment against Plaintiff with respect to his claims asserted herein, dismissing the Complaint in the above action, together with costs and disbursement of the above entitled action and any other relief this Court may deem just and proper.

LITTLER MENDELSON, P.C.

By: /s/ Bryan M. Churgin
Bryan M. Churgin (BC/2365)
Attorneys for Defendants
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700

Dated: May 8, 2008

Firmwide:84938343.1 051648.1001